IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTORIANO GARCIA, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:12-CV-0062-D |
| VS. § | |
| § | |
| THE BANK OF NEW YORK MELLON § | |
| FKA THE BANK OF NEW YORK, AS § | |
| TRUSTEE FOR THE CERTIFICATE § | |
| HOLDERS OF CWABS, INC., ASSET- § | |
| BACKED CERTIFICATES, SERIES § | |
| 2006-3, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed case arising from the foreclosure of plaintiffs' residence, two defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion in part, denies the motion in part, and allows plaintiffs to replead.

I

This is a suit by plaintiffs Victoriano Garcia and Carolina Ramirez against defendants Bank of America, N.A. ("BOA"), Bank of New York Mellon ("BONY"), as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs assert claims for wrongful foreclosure; filing of a false lien or claim, in violation of Tex. Civ. Prac. & Rem. Code Ann. § 12.001 *et seq.* (West 2002); violation of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392.001 *et seq.* (West 2006).  Plaintiffs seek, *inter alia*, damages and a declaratory judgment to void BONY's deed and quiet title under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.* (West 2008).[1]

In support of their claims, plaintiffs allege that in 2005 they purchased a residence, executing a promissory note in the amount of $99,200.00 that was secured by a deed of trust. According to their state-court petition,[2] plaintiffs made all of their monthly payments to Countrywide Home Loans ("Countrywide").  Countrywide serviced their mortgage until 2009, when BOA acquired the servicing rights to the mortgage.  Thereafter, plaintiffs made their monthly payments to BOA until approximately November 2010, when plaintiffs experienced a temporary financial hardship.  In January 2011 plaintiffs applied for a loan modification under the Making Home Affordable Loan Modification Program ("HAMP"). A few weeks later, plaintiffs contacted BOA and were told that their application was being reviewed and that they need not take any further action or make any more loan payments until the review was completed.  A few months later, having received no other response, plaintiffs again contacted BOA.  This time, they were told that their original HAMP loan

---

[1]Plaintiffs actually seek a declaratory judgment under the Texas statute.  As the court explains *infra* at § VII, on removal this claim was converted into one under the federal statute.

[2]In deciding defendants' Rule 12(b)(6) motion, the court construes plaintiffs' complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See*, *e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

modification application and financial documents were never uploaded into BOA's system and that they would need to submit a new HAMP loan modification application and updated financials. They were also told to wait until a review was completed and that they need not worry about making any loan payments until the review was complete.

Around August 2011 plaintiffs received a letter on behalf of BOA advising them that their loan had been accelerated and that their property was posted for foreclosure sale on September 6, 2011. When plaintiffs contacted BOA to determine what had happened to their HAMP loan modification application, they were told that the loan was now in foreclosure and that there was nothing BOA could do to help.

On September 6, 2011 plaintiffs' residence was sold to BONY for $100,800.00. At that point, plaintiffs had never heard of BONY, but they later discovered that in July 2011 MERS had executed an assignment of plaintiffs' deed of trust to BONY. Plaintiffs allege they never received a notice of default or opportunity to cure, as required under the express terms of the deed of trust and the Texas Property Code.

BOA and BONY move to dismiss all of plaintiffs' claims under Rule 12(b)(6). Plaintiffs have not responded to the motion.

II

In deciding defendants' Rule 12(b)(6) motion, the court evaluates the sufficiency of the complaint by "accept[ing] all well- pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th

Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted). To survive defendants' motion, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court considers first whether plaintiffs have stated a plausible claim for wrongful foreclosure.

Under Texas law, the elements of a claim for wrongful foreclosure are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.); *see also Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, J.); *see also Musick*, 531 S.W.2d at 587. Although plaintiffs allege that there were various defects in the foreclosure sale proceedings, they neither allege that the selling price of $100,800.00 was "a grossly inadequate selling price" nor that there was a causal connection between any of the alleged defects and the "grossly inadequate selling price." The court therefore grants defendants' motion to dismiss this claim. *See Pollett v. Aurora Loan Servs.*, 2011 WL 6412051, at *1 (5th Cir. Dec. 21, 2011) (unpublished opinion) (per curiam) (affirming dismissal of wrongful foreclosure claim where plaintiff "failed to allege (1) that his home sold for a grossly inadequate selling price and (2) a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling

price.").

IV

Plaintiffs allege that in recording the allegedly fraudulent, false, and invalid assignment of the deed of trust, defendants filed a false lien or claim, in violation of Tex. Civ. Prac. & Rem. Code Ann. § 12.001 *et seq.* They also assert that the substitute trustee's deed is a false lien or claim that similarly violated Tex. Civ. Prac. & Rem. Code § 12.001 *et seq.* Defendants argue that plaintiffs' claim should be dismissed because neither the assignment nor the substitute trustee's deed constitutes a "lien," as defined by § 12.001.

Under § 12.001, a "lien" is defined as "a claim in property for the payment of a debt and includes a security interest." Plaintiffs have not pleaded facts that establish a plausible claim that either the assignment of the deed of trust or the substitute trustee's deed is a lien as defined by the statute. Their claim under Tex. Civ. Prac. & Rem. Code Ann. § 12.002 is therefore dismissed.

V

Defendants posit that the court should dismiss plaintiffs' claim for a violation of the FDCPA because BOA is not a "debt collector" as that term is defined in the statute. "The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term

"debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F). Relying on the legislative history of § 1692a(6), the Fifth Circuit has held that it "indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208 (citations omitted); *see also Kareem v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 1869419, at *2 (N.D. Tex. Apr. 12, 2011) (Kaplan, J.) ("A mortgage servicing company is not considered a 'debt collector' as long as the debt was not in default at the time it was assigned." (citations omitted)). In this case, plaintiffs allege that BOA is the entity that serviced their loan and that it took over from Countrywide in 2009, before plaintiffs were in default. Accordingly, plaintiffs' state-court petition establishes that BOA is not a debt collector.

VI

Defendants next contend that plaintiffs' TDCA claim fails because plaintiffs have not alleged that BOA misrepresented the character, amount, or extent of plaintiffs' debt, as prohibited by Tex. Fin. Code Ann. § 392.304(a)(8). Although plaintiffs do not cite the specific provision of the TDCA that BOA has allegedly violated, they do quote § 392.304(a)(8), which prohibits a debt collector from using fraudulent, deceptive, or

misleading representation by, *inter alia*, "misrepresenting the character, extent, or amount of a consumer debt." *Id.* Plaintiffs base this claim on BOA's acts in failing to provide plaintiffs with notice of default and opportunity to cure and in accelerating plaintiffs' loan and posting their residence for foreclosure after repeatedly assuring plaintiffs that their HAMP loan modification application was being reviewed and that plaintiffs did not need to make payments until the review was complete. Allegations similar to these have been found sufficient to state a claim under § 392.304(a)(8). *See Smith v. CitiMortgage, Inc.*, 2012 WL 629058, at *5 (E.D. Tex. Feb. 27, 2012); *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, at *8-9 (N.D. Tex. Feb. 21, 2012) (Boyle, J.); *Watson v. Citimortgage, Inc.*, ___ F.Supp.2d ___, 2011 WL 4526980, at *6 (E.D. Tex. Sept. 30, 2011). Accordingly, the court denies this ground of defendants' motion.[3]

## VII

Finally, plaintiffs seek a judgment declaring the substitute trustee's deed void and further declaring that fee simple title and quiet enjoyment of the property are vested and quieted in plaintiffs. "When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v.*

---

[3]The court does not suggest any view, however, regarding whether defendants would be entitled to dismissal of this claim at the summary judgment stage. *See, e.g., Watson v. Citimortgage, Inc.*, 2012 WL 381205, at *7-8 (E.D. Tex. Feb. 3, 2012) (granting summary judgment, after having denied motion to dismiss, where plaintiffs directed the court to no evidence that defendants made false or misleading assertions regarding the character, extent, or amount of the debt)

*Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

> The federal Declaratory Judgment Act ["DJA"] does not create a substantive cause of action. A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. Federal courts have broad discretion to grant or refuse declaratory judgment. Since its inception, the DJA has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. The DJA is an authorization, not a command. It gives federal courts the competence to declare rights, but it does not impose a duty to do so.

*MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations, brackets, and internal quotation marks omitted).

Moreover, a declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an actual controversy." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked."). This, in turn, "helps the parties avoid damages that might otherwise accrue." *Collin Cnty.*, 915 F.2d at 172 (citation omitted). Plaintiffs are not attempting by their declaratory judgment action to help the parties avoid damages that might otherwise accrue. They are essentially seeking a remedy for a past alleged wrong. The court declines in its discretion to consider entering such a declaratory

judgment.

## VIII

Although the court is dismissing most of plaintiffs' claims, it will permit plaintiffs to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks and citation omitted). Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants plaintiffs 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

\* \* \*

For the reasons explained, the court grants the motion to dismiss under Rule 12(b)(6) as to plaintiffs' wrongful foreclosure, filing of a false lien or claim, FDCPA, and declaratory

judgment claims against BOA and BONY,[4] denies the motion to dismiss as to plaintiffs' TDCA claim, and grants plaintiffs 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

**SO ORDERED.**

March 5, 2012.

```
                                    _____
                                    SIDNEY A. FITZWATER
                                    CHIEF JUDGE
```

---

[4]Plaintiffs have also asserted claims against MERS, which has not joined in the motion to dismiss. Accordingly, the claims against MERS will remain pending, although they are subject to being modified based on the allegations of plaintiffs' amended complaint.